## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE ROBINSON, ET AL.,**<br>    **Plaintiffs** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-6871** |
| **WAL-MART STORES, INC.,**<br>**ET AL.,**<br>        **Defendants** | **SECTION: "E"(2)** |

### ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiffs Michelle Robinson and Ernest Robinson (collectively, "Plaintiffs").[1] The motion is opposed.[2] For the reasons that follow, the motion to remand is **DENIED**.

### BACKGROUND

This case arises from an alleged slip-and-fall incident at the Wal-Mart Supercenter on U.S. Highway 90 in Boutte, Louisiana.[3] According to the state-court petition, on or about August 11, 2015, Plaintiff Michelle Robinson slipped and fell while shopping inside the store and suffered "severe and disabling injuries."[4] As a result, on November 13, 2015, Michelle Robinson and her husband, Ernest Robinson, filed a petition for damages in the 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, against Defendants Wal-Mart Stores, Inc.; Wal-Mart Louisiana, LLC; ABC Insurance Company; and John Antoon, the Wal-Mart manager on duty at the time of the incident.[5]

On December 16, 2015, this case was removed to federal court on the basis of the Court's diversity-of-citizenship jurisdiction.[6] The parties do not contest the amount in

---

[1] R. Doc. 9.
[2] R. Doc. 11.
[3] *See* R. Doc. 1 at 2.
[4] R. Doc. 1-1 at 2.
[5] R. Doc. 1-1 at 1.
[6] *See generally* R. Doc. 1.

controversy or whether it exceeds the jurisdictional threshold of $75,000, exclusive of interest and costs, in this case.[7] The parties disagree, however, on whether the complete diversity-of-citizenship requirement is satisfied. It is not disputed that Plaintiffs Michelle Robinson and Ernest Robinson are citizens of Louisiana for purposes of diversity jurisdiction,[8] nor is it disputed that Defendant John Antoon is also a Louisiana citizen.[9] Thus, complete diversity is, on its face, not present between the Plaintiffs and Antoon. According to the Defendants, however, federal diversity jurisdiction is proper, despite the fact that Plaintiffs and Antoon share Louisiana citizenship, because the Plaintiffs improperly joined Antoon in this matter "in order to defeat diversity jurisdiction and keep this matter in state court."[10] Plaintiffs disagree and, as a result, filed the instant motion to remand, arguing they pleaded "specific allegations against John Antoon, including negligence, negligent training, and negligent supervision," which shows they have valid claims against Antoon and he was not improperly joined to defeat diversity jurisdiction.[11] Whether Antoon was improperly joined is the sole issue before the Court.

## LEGAL STANDARD

It is the removing party's burden to establish improper joinder, and the burden is a "heavy" one.[12] The Fifth Circuit has recognized two ways for the removing party to establish improper joinder: (1) "actual fraud in the pleading of jurisdictional facts;" or (2) an "inability of the plaintiff to establish a cause of action against the non-diverse party in

---

[7] It appears, from the face of Plaintiff's state-court petition, that the amount-in-controversy requirement is satisfied. Plaintiffs allege Michelle Robinson, as a result of this incident, suffered "severe and disabling injuries" to her "bones, muscles, tendons, ligaments, and soft tissue of her back, neck, hips, knees, and body as a whole." R. Doc. 1-1 at 3. The petition also avers Michelle Robinson has suffered "permanent disability and a loss of enjoyment of life and will continue to do so in the future." R. Doc. 1-1 at 3.

[8] R. Doc. 1 at 5; R. Doc. 1-1 at 1.

[9] R. Doc. 1 at 4–5; R. Doc. 1-1 at 1.

[10] R. Doc. 1 at 3.

[11] R. Doc. 9-1 at 1.

[12] *Lundquist v. J&J Exterminating, Inc.*, No. 07-CV-1994, 2008 WL 1968339, at *2 (W.D. La. May 2, 2008) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc)).

state court."[13] There is no allegation of actual fraud in this case. "The test for improper joinder where there is no allegation of actual fraud is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[14]

"In determining the validity of an allegation of improper joinder, the district court must construe factual allegations, resolve contested factual issues, and resolve ambiguities in the controlling state law in the plaintiff's favor."[15] In *Smallwood v. Illinois Central Railroad Co.*, the Fifth Circuit articulated two avenues for determining whether a plaintiff has a reasonable basis for recovery under state law.[16] First, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[17] "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder."[18] Second, if the plaintiff has stated a claim and, as a result, survives a Rule 12(b)(6) challenge, but "misstated or omitted discrete facts that would determine the propriety of joinder," the court may "pierce the pleadings and conduct a summary inquiry."[19] "[A]lthough the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard."[20] "The district court must also

---

[13] *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)).
[14] *Rodrigue v. Continental Ins. Co.*, No. 14-1797, 2014 WL 4999465, at *2 (E.D. La. Oct. 7, 2014) (citing *Smallwood*, 385 F.3d a 573).
[15] *Rodrigue*, 2014 WL 4999465, at *2 (citing *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).
[16] *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). *See also Rodrigue*, 2014 WL 4999465, at *2.
[17] *Smallwood*, 385 F.3d at 573.
[18] *Id.*
[19] *Id.*
[20] *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

3

take into account 'the status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant."[21]

## LAW AND ANALYSIS

Antoon was on duty as the manager of the Wal-Mart store at the time of the alleged slip and fall. Under Louisiana law, a store manager or employee cannot be held liable for an injury to a third party unless the manager or employee breached an independent, personal duty to the third party, which caused the third party's injury.[22] In *Canter v. Koehring*, the Louisiana Supreme Court identified four distinct criteria which must be satisfied before an employee can be found liable to a third party for his or her injury:

(1) The principal or employer owes a duty of care to the third person . . . , breach of which has caused the damage for which recovery is sought;

(2) The duty is delegated by the principal or employer to the defendant;

(3) The defendant . . . has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances . . . ; and

(4) [P]ersonal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of employment. He must have a personal duty towards the injured plaintiff, breach of which specifically caused the plaintiff's damages.[23]

Plaintiffs argue Antoon is at least partially liable for the injuries Michelle Robinson sustained in the slip-and-fall incident, attributing three acts of negligence to Antoon: (1)

---

[21] *Id.*

[22] *Canter v. Koehring Co.*, 283 So. 2d 716, 720–21 (La. 1973), *superseded by statute on other grounds*, LA. REV. STAT. § 23:1032. *See also Garrett v. AEP River Operations, LLC*, No. 15-5562, 2016 WL 945056, at *2 (E.D. La. Mar. 14, 2016); *Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064, at *2–3 (E.D. La. Apr. 8, 2015); *Haynes v. Healthcare Servs. Grp., Inc.*, No. 13-649-JJB-RLB, 2014 WL 2769080, at *3 (M.D. La. May 30, 2014); *Gerald v. Hospitality Properties Trust*, No. 09-2989, 2009 WL 1507570, at *3 (E.D. La. May 27, 2009).

[23] *Canter*, 283 So. 3d at 721. *See also Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 916 (5th Cir. 2009) (quoting *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 386 (5th Cir. 2009)) ("*Canter's* four-part test is used to determine whether an employee is individually liable to third persons, even if they are not co-employees.").

"negligently training the employees to properly warn of hazardous conditions"; (2) "negligent supervision of the employees for which he maintained supervision and control"; and (3) "failing to provide safe passageways, aisles, and conditions which do not pose an unreasonable and foreseeable risk and hazard of injury to plaintiff."[24] These are the only allegations against Antoon in the Plaintiffs' state-court petition. Nowhere therein do Plaintiffs allege that Antoon owed a personal, independent duty, delegated by Wal-Mart, to store patrons, nor do the Plaintiffs allege that Antoon breached such a duty through *personal*, rather than *technical* or *administrative*, fault. Allegations such as those in Plaintiffs' state-court petition are not sufficient under *Canter* to impose personal liability on Antoon.

Several federal district courts in Louisiana have found similar allegations to be insufficient to trigger personal liability on the part of a store manager or employee, concluding that the manager or employee was improperly joined to defeat complete diversity.[25] For example, in *Rushing v. Wal-Mart Stores, Inc.*, a store patron sued Wal-Mart and the store manager for personal injuries she allegedly sustained when two cases of drinks fell from a shelf onto her head while shopping at a Wal-Mart store in Hammond, Louisiana.[26] The action was filed in state court and removed to federal court, despite the apparent lack of complete diversity, on improper joinder grounds.[27] In considering the

---

[24] R. Doc. 1-1 at 2.
[25] *See, e.g., Rushing v. Wal-Mart Stores, Inc.*, No. 15-269, 2015 WL 1565064 (E.D. La. Apr. 8, 2015); *Sanchez v. Shintech Louisiana, LLC*, No. 12-370-BAJ-SCR, 2013 WL 1296684 (M.D. La. Feb. 19, 2013); *Gautreau v. Lowe's Home Ctr., Inc.*, No. 12-630, 2012 WL 7165280 (M.D. La. Dec. 19, 2012); *Black v. Lowe's Home Ctr., Inc.*, No. 10-478-C-M2, 2010 WL 4790906 (M.D. La. Oct. 22, 2010); *Arrighi v. Celebration Station Prop., Inc.*, No. 10-105-BAJ-SCR, 2010 WL 4386066 (M.D. La. Sept. 14, 2010); *Driver v. Wal-Mart Louisiana, LLC*, No. 09-786, 2009 WL 2913938 (W.D. La. Sept. 9, 2009); *Carter v. Wal-Mart Stores, Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092 (W.D. La. July 28, 2005); *Brady v. Wal-Mart Stores, Inc.*, 907 F. Supp. 958 (M.D. La. 1995); *Maxwell v. Monsanto Co.*, No. Civ.A. 91-015, 1991 WL 42571 (E.D. La. Mar. 26, 1991).
[26] *Rushing*, 2015 WL 1565064.
[27] *Id.* at *1.

plaintiff's motion to remand, the court looked, specifically, to the plaintiff's allegations against the Wal-Mart store manager.[28] The allegations were that the store manager was liable, *inter alia*, for: "Failing to maintain proper supervision of its employees; Failing to properly stock the shelves of the subject premises; Failing to maintain a safe and proper look-out; Failing to see they they [sic] should have seen; Failing to exercise vigilance; Failing to provide proper training and instructions to their employees; Stocking shelves in a dangerous condition; Stocking shelves at heights unreasonable for patrons; Placing heavy items [sic] high shelves; Stocking items in a dangerous condition; manner and configuration; Placing too many items on a shelf; Failure to reasonably inspect shelving to remove unreasonably dangerous conditions . . . ."[29]

Relying on a wealth of case law from federal district courts in Louisiana, the *Rushing* court concluded that the plaintiff's allegations against the store manager were insufficient to trigger personal liability, as the plaintiff did not allege that Wal-Mart delegated any duty to the manager or that the manager breached such a duty through personal fault.[30] The court noted there were "neither allegations nor evidence that Wal-Mart delegated any duty to [the store manager] or that [the store manager] breached a personal duty to plaintiff."[31] Instead, according to the court, the plaintiff merely alleged, generically, that the store manager "failed to supervise and provide proper training and instructions to Wal-Mart's employees," which does not amount to the breach of a personal duty to ensure the plaintiff's safety.[32] Quoting *Carter v. Wal-Mart Stores, Inc.*, a decision of the Western District of Louisiana, the *Rushing* court explained "[t]his is a classic case

---

[28] *Id.* at *3.
[29] *Id.*
[30] *Id.* at *3–4.
[31] *Id.* at *4.
[32] *Id.*

of attempting to place liability on an employee simply because of his general administrative responsibility for performance of some function of employment."[33] The *Rushing* court found the plaintiff could not, as a matter of law, recover against the store manager under Louisiana law, concluding that the store manager had been improperly joined.

The *Rushing* decision is analogous to the instant case, and the Court finds its reasoning to be instructive. In this case, as in *Rushing*, the Plaintiffs have not alleged that Antoon owed them a personal, independent duty, the breach of which caused Michelle Robinson to slip and fall and suffer the injuries which she alleges. Nor have Plaintiffs alleged that Wal-Mart delegated to Antoon the duties which it owed to third-party patrons as a merchant under Louisiana law.[34] Having conducted a Rule 12(b)(6) inquiry, looking to the allegations of the state-court petition to determine whether the Plaintiffs stated a viable claim against Antoon under Louisiana law, the Court finds the Plaintiffs have not stated such a claim and cannot recover from Antoon under Louisiana law. Antoon was improperly joined to defeat complete federal diversity jurisdiction, and he must be dismissed from this action as a defendant.[35] As between the Plaintiffs and the remaining

---

[33] *Id.* (quoting *Carter v. Wal-Mart Stores, Inc.*, No. Civ.A. 04-0072, 2005 WL 1831092, at *3 (W.D. La. July 28, 2005)) (internal quotation marks omitted).

[34] "Wal-Mart, as a merchant, owes its customers a duty 'to exercise reasonable care to keep [its] aisle, passageways, and floors in a reasonably safe condiotion.'" *Id.* at *3 (citing LA. REV. STAT. § 9:2800.6).

[35] "A finding of improper joinder is tantamount to dismissal of the defendant who was improperly joined." *Butler v. La. State. Univ. Health Sciences Ctr.*, No. 12-CV-1838, 2012 WL 7784402, at *4 (W.D. La. Nov. 19, 2012) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 102 (5th Cir. 1990)). *See also Eagle Oil & Gas Co. v. Travelers Property Cas. Co. of America*, No. 712-00133, 2013 WL 5969920, at *2 (N.D. Tex. Nov. 8, 2013) (dismissing non-diverse defendant upon finding of improper joinder); *Hardy v. Ducote*, 246 F. Supp. 2d 509, 515–16 (W.D. La. 2003) (dismissing non-diverse defendants upon finding that they had been improperly joined); *Mahon v. Aegon Direct Mktg. Servs., Inc.*, No. 04-975, 2005 WL 1249486, at *1 (N.D. Tex. May 25, 2005) (dismissal of non-diverse defendant required once court finds improper joinder).

Defendants, complete diversity is present, and federal diversity jurisdiction is proper before this Court.[36]

## CONCLUSION

**IT IS ORDERED** that the Plaintiffs' motion to remand is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant John Antoon is **DISMISSED** from this action as a defendant.

**New Orleans, Louisiana, this 19th day of April, 2016.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[36] Plaintiffs are both citizens of Louisiana. R. Doc. 1 at 1. Defendant Wal-Mart Stores, Inc., is a foreign corporation incorporated in the State of Delaware with its principal place of business in Arkansas. R. Doc. 1 at 4. Defendant Wal-Mart Louisiana, LLC, is constituted by a sole member, Wal-Mart Stores East, LP. R. Doc. 1 at 4. Wal-Mart Stores East, LP, in turn, is comprised of a general partner, WSE Management, LLC, and a limited partner, WSE Investment, LLC. R. Doc. 1 at 4. The sole member of both WSE Management, LLC, and WSE Investment, LLC, is Wal-Mart Stores East, LLC, which is comprised of a sole member—Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas. R. Doc. 1 at 4. Defendant ABC Insurance Co. is an unidentified, unserved party, which must be ignored for purposes of assessing the presence of complete diversity. *See, e.g., Harvey v. Shelter Ins. Co.*, No. 13-392, 2013 WL 1768658 (E.D. La. Apr. 24, 2013); *Westley v. Allstate Ins. Co.*, No. 06-8288, 2007 WL 442221 (E.D. La. Feb. 6, 2007). As such, the Plaintiffs are completely diverse from the remaining defendants, and diversity jurisdiction is proper.